UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermel Anthony Robinson, #334393, a/k/a *Jermel A. Robinson*, | C/A No. 9:12-1229-JFA-BM |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Michael McCall, | |
| Respondent. | |

Jermel Anthony Robinson ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner incarcerated at the Lee Correctional Institution in Bishopville, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Petitioner alleges he was convicted by a jury of lynching in the first degree, attempted armed robbery, possession of a firearm during the commission of a violent crime, and possession of a pistol by one less than eighteen years of age on April 22, 2009, in the Sumter County Court of General Sessions, and he received a 37-year sentence of imprisonment. Pet. 1, ECF No. 1. Petitioner seeks to have the lynching in the first degree count vacated and his sentence to be modified accordingly. Pet. 14. He alleges he filed a direct appeal to the South Carolina Court of Appeals, and it affirmed his conviction on October 11, 2011. Pet. 2. He alleges he filed a petition for rehearing, which the South Carolina Court of Appeals denied on November 3, 2011. Pet. 3. Petitioner alleges he filed an action for post-conviction relief ("PCR") on April 3, 2012, in the Sumter County Court of Common Pleas, and it is pending. Pet. 3, 12. His grounds for relief are as follows: denial of effective assistance of counsel in trial and appellate courts; denial of right to due process and equal

protection; and, violation of double jeopardy resulting in an equal protection violation. Pet. 5–8. For each ground, Petitioner alleges that he did not raise the issue on direct appeal but did raise the issue in his PCR action. Pet. 5–9.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

2

## Discussion

This Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed because it is premature. Petitioner has not yet exhausted his state remedies. With respect to his conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and/or a writ of habeas corpus under 28 U.S.C. § 2254, both of which can be sought only after a petitioner has exhausted his state court remedies.[1] *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-491 (1973) (noting that exhaustion of available state remedies is required under 28 U.S.C. § 2241). In his Petition, Petitioner alleges he filed a PCR action in state court on April 3, 2012, the PCR action is pending, and each ground for relief in this action is also raised in the PCR action.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a court of common pleas, the petitioner can file a request for writ of certiorari with the South Carolina appellate courts. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). *See also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). In fact, if a petitioner's application for post-conviction relief is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his

---

1) Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

3



application for post-conviction relief may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion). At this point, there does not appear to be the absence of available state corrective process. *See* Title 28 U.S.C. § 2254(b)(1)(B). The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies.[2] *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## Recommendation

Accordingly, it is recommended that the § 2254 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return because Petitioner has not yet exhausted his state court remedies. Petitioner's attention is directed to the important notice on the next page.

May ___, 2012
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

---

2) There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

